UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JUSTIN ALLEN LEE,

        Petitioner,

v.

        No. 6:22-CV-00048-H

DIRECTOR, TDCJ-CID,

        Respondent.

### OPINION AND ORDER

Petitioner Justin Allen Lee, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and 50-year sentence out of Mills County for two counts of abandoning a child. He asserts that he is actually innocent, that the evidence was insufficient to support his conviction, and that his trial counsel was ineffective. Dkt. No. 1.

Respondent filed an answer with copies of Petitioner's relevant state-court records. Dkt. Nos. 9, 11. Respondent argues that part of Petitioner's insufficient-evidence claim is unexhausted and procedurally defaulted, and his claims otherwise lack merit. Dkt. No. 9. Petitioner replied. Dkt. No. 14.

As explained below, the Court finds that Petitioner failed to properly exhaust part of his insufficient-evidence claim, but that regardless of whether it is fully exhausted, it is meritless. Otherwise, the Court finds that Petitioner has failed to overcome the difficult, deferential standard of 28 U.S.C. § 2254(d). Thus, the petition must be denied and dismissed with prejudice.

1.  **Background**

Petitioner challenges his state-court conviction and prison sentence out of the 35th District Court of Mills County, Texas. In cause number 3234, styled *State of Texas v. Justin Allen Lee*, Petitioner was charged by indictment with two counts of abandoning a child—his eleven- and twelve-year old stepsons—enhanced with one prior felony conviction. Dkt. No. 9-2. Petitioner pled not guilty to the offenses, but true to the enhancement, and waived a jury trial. Dkt. No. 9-3. After a bench trial, the trial court adjudged him guilty and sentenced him to 50 years in prison. *Id.*

Petitioner appealed, and the Third Court of Appeals affirmed his conviction. Dkt. No. 11-21. He then filed a petition for discretionary review (PDR), arguing that the Third Court erred in reviewing the evidence against the elements for child endangerment, rather than child abandonment. Dkt. No. 9-4. The Texas Court of Criminal Appeals (TCCA) granted Petitioner's PDR and vacated the appellate court's judgment, remanding the case for an evaluation of the evidence against the elements for child abandonment. Dkt. No. 11-31. On remand, the Third Court of Appeals affirmed Petitioner's conviction, after finding that the evidence was sufficient to support Petitioner's conviction for both counts of child abandonment. *See* Dkt. No. 11-23. Petitioner filed a PDR, but the TCCA refused.

Petitioner then filed a state habeas application, but the TCCA denied the application without written order. Dkt. No. 9-7.

Petitioner timely filed his federal petition on September 10, 2022. Petitioner raises the following grounds for relief:

1. He is actually innocent because he owed no legal duty of care to his step-children;
2. The evidence was insufficient to prove
   a. That he had care, custody, or control over the children, and
   b. That the children were left in imminent danger;

2

    3. He received ineffective assistance of counsel when his trial counsel failed to investigate and produce documentation from the divorce degree between Petitioner's wife and her ex-husband (the children's biological father), which would have shown that his wife had custody of her children and was ordered by the court to care for them.

Dkt. No. 1.

Respondent argues that Petitioner failed to properly exhaust his claim that the evidence was insufficient to prove the care, custody, and control element of the offense, and urges the Court to deny that claim as procedurally barred. Respondent contends that Petitioner's claims otherwise fail to overcome the deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

In reply, Petitioner admits that he did not "explicitly articulate[] the custody, care, and control argument" in his state-court proceedings, but he contends that this claim is "essentially a natural extension" of the argument he presented in his appeal. He urges the Court to find that the claim was exhausted because "it is not uncommon for arguments to evolve during litigation." Dkt. No. 14. He also repeats his arguments that he is actually innocent, that the evidence was insufficient to support his conviction, and that he received ineffective assistance of counsel. *Id.*

**2.  Legal Standard**

Section 2254 provides federal courts with a limited, but important opportunity to review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). This statute, as amended by AEDPA, creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

The basic structure of the federal habeas statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Richter*, 562

U.S. at 103. First, the statute requires that a habeas petitioner exhaust his claims in state court. 28 U.S.C. § 2254(b). If the state court dismisses the claim on procedural grounds, then the claim is barred from federal review unless the petitioner shows cause and prejudice. *Richter*, 562 U.S. at 103. And if the state court denies the claim on the merits, then AEDPA's relitigation bar applies. *Lucio v. Lumpkin*, 987 F.3d 451, 464–65 (5th Cir. 2021).

A.  **Exhaustion and Procedural Default**

Courts may not grant habeas relief unless the petitioner first exhausts all available state remedies. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). Although unexhausted claims prevent courts from granting relief, courts may deny a petition on the merits despite the petitioner's failure to exhaust the state remedies. 28 U.S.C. § 2254(b)(2).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998), which in Texas is the TCCA. *Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985). More than mere presentation of claims to the high court is required. Raising a claim "in a procedural context in which its merits will not be considered" does not constitute "fair presentation"; thus, it cannot satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). To present claims to the TCCA, a petitioner must pursue his claims through direct appeal and a PDR or through a state habeas application. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Additionally, if a petitioner presents new legal theories or factual claims in his federal habeas petition, then he has not met the exhaustion requirement. *Nobles v. Johnson*, 127 F.3d

4

409, 420 (5th Cir. 1997) (citing *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982)). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Harless*, 459 U.S. at 6 (internal citations omitted).

In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, rather than procedural. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Green v. Johnson,* 116 F.3d 1115, 1121 (5th Cir. 1997)). In Texas writ jurisprudence, a "denial" signifies that the state high court "addressed and rejected the merits of a particular claim," but a "dismissal" means that the court "declined to consider the claim for reasons unrelated to the claim's merits." *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000).

Along with the exhaustion requirement, the doctrine of procedural default provides "[a] distinct but related limit on the scope of federal habeas review." *Nobles*, 127 F.3d at 420. Federal habeas courts are barred from reviewing a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment," whether the ground is substantive or procedural. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). In Texas, the high court's dismissal of a habeas application as subsequent provides an adequate and independent state ground, barring federal review. *See Nobles*, 127 F.3d at 423.

"[A] habeas petitioner who has failed to properly present his federal constitutional claims to the state courts can still be considered to have exhausted his state remedies if the state courts are no longer open to his claim because of a procedural bar." *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). But "the same procedural bar that satisfies the exhaustion requirement at the same time provides an adequate and independent state procedural ground to

support the state judgment and thus prevents federal habeas corpus review of the defaulted claim." *Id.* A petitioner may overcome this bar only if he can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

But if a federal claim was fairly presented to the state court, then the federal habeas court cannot assume that the state court overlooked the claim. *Johnson v. (Tara) Williams*, 568 U.S. 289, 298 (2013). Instead, the federal court must presume that the state court adjudicated the federal claim on the merits, and thus the relitigation bar of Section 2254(d) applies. *Lucio*, 987 F.3d at 464–65 (citing *(Tara) Williams*, 568 U.S. at 298).

### B. AEDPA's Relitigation Bar

Once a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state-court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713. A decision constitutes an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*,

6

529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

The focus of federal review under Section 2254(d) "should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle." *Neal v. Puckett*, 286 F.3d 230, 246 (2002). State courts need not provide reasons for their decisions, and even summary denials of relief are entitled to substantial deference. *Richter*, 562 U.S. at 100–01.

Of course, when the state high court "explains its decision on the merits in a reasoned opinion," then the federal court's review is straightforward—it "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). But when reviewing a summary denial, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* If the lower court's rationale is reasonable, the federal court must "presume that the unexplained decision adopted the same reasoning." *Id.* This presumption may be rebutted, however, by evidence that the summary decision "relied or most

likely did rely on different grounds." *Id.* at 125–26. And when the lower state court decision is unreasonable, then it is more likely that the state high court's single-word decision rests on alternative grounds. *Id.* at 132.

In short, a reviewing court cannot "overlook[] arguments that would otherwise justify the state court's result." *Richter*, 562 U.S. at 102. A federal habeas court "must determine what arguments or theories supported, or . . . could have supported, the state court's decision" before considering "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with Supreme Court precedent. *Id.* "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must show,

8

based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny . . . relief was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans v. Davis*, 875 F.3d 210, 217 (5th Cir. 2017).

### 3.   Analysis

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."). As explained below and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

### A.   Petitioner is not entitled to relief on his care, custody, or control claim regardless of whether it was properly exhausted.

Petitioner's grounds for relief focus heavily on his argument that, as a stepparent, he owed no duty of care to his stepchildren. In his second ground for relief, he claims that the evidence was insufficient to establish that he had care, custody, or control of his stepchildren when he abandoned them—an element of the offense. He admits that he did not raise this claim in the state court, but he contends that it is a natural evolution of his other claims. But the fact that he made somewhat related claims is not enough to satisfy the exhaustion requirement. *Harless*, 459 U.S. at 6. Thus, as argued by Respondent, Petitioner failed to properly present this claim to the state court, and it is now procedurally barred.

But regardless of whether it was properly exhausted, the Court finds that the claim is meritless. The trial court made extensive findings during Petitioner's bench trial. Relevant here, the trial court found that Petitioner "did have care, custody, and control of the two

children." In support of that finding, the trial court pointed to evidence that Petitioner "provided a home for them[, and] assumed custody at times," and that "by [his] acts, [his] words, and [his] course of conduct, [he] acted so that a reasonable person could conclude that [he had] accepted responsibility for these kids." Dkt. No. 9-9 at 12. The TCCA has explained that "the proper definition of 'custody, care, or control' under [the child abandonment statute] is . . . whether an accused "by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care" for the child. *Rey v. State*, 280 S.W.3d 265, 269 (2009). Thus, the trial court found that the evidence was sufficient to support the care, custody, or control element of the offense, as it is defined under state law. Petitioner's argument that the evidence was insufficient because no court had ever ordered him to care for the children is wholly without merit.

  B.  **Petitioner has not overcome AEDPA's relitigation bar on his other claims.**

    i.  **Actual Innocence**

"The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). However, a credible claim of actual innocence may serve as a gateway to overcome impediments such as procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

This rule, also known as the "fundamental miscarriage of justice exception," is based on equitable principles to ensure that "constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Importantly, innocence here refers to factual innocence and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

"The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup v. Delo*, 513 U.S. at 329). The Supreme Court has emphasized that this exception applies to a very narrow category of cases. *McQuiggin*, 569 U.S. at 394–95. To present a credible claim of actual innocence, a petitioner must present new evidence that was unavailable at the time of trial, based on which it is more likely than not that no reasonable juror would have convicted the petitioner. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (explaining that, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial).

Here, Petitioner has failed to make a credible showing of actual innocence. Moreover, he raised this claim in his state-court proceedings, and the TCCA reasonably denied it. Petitioner has not shown that the decisions was contrary to or involved an unreasonable application of clearly established federal law.

  ii. **Sufficiency of the Evidence**

The Supreme Court set out the appropriate standard for reviewing sufficiency-of-the-evidence questions in federal habeas proceedings in *Jackson v. Virginia*, 443 U.S. 307 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Here, both the trial court and the Third Court of Appeals made extensive findings, describing the ample evidence that supported the conclusion that the children were left in imminent danger of physical or mental impairment. Dkt. No. 9-9 at 1318; Dkt. No. 11-23. The Third Court correctly applied the *Jackson* standard,

Dkt. No. 11-23 at 5–9, and the TCCA refused discretionary review. Petitioner has not shown that the state court's rejection of this claim was based on an unreasonable determination of the facts or involved an unreasonable application of clearly established Supreme Court precedent. Petitioner is not entitled to relief on his sufficiency-of-the-evidence claim.

### iii. Ineffective Assistance of Counsel

The well-known standard applicable to IAC claims is articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious that the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.

A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Additionally, a petitioner must show that counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show that counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel

does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Richter*, 562 U.S. at 112; *see also Pinholster*, 563 U.S. at 189.

In the context of Section 2254(d), the deferential standard that must be given to counsel's representation must also be considered in tandem with the deference that must be accorded state-court decisions, which has been called "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, if a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466 U.S. at 697.

Here, Petitioner claims that his attorney was ineffective for failing to obtain a copy of his wife's divorce decree, which he says "UNEQUIVOCALLY establishes that petitioner did not have legal custody, care, and control over the children – completely negating a material element" of the crime. Dkt. No. 14. But Petitioner falls far short of establishing either prong of ineffective assistance of counsel. First, Petitioner's attorney did introduce evidence and argument that Petitioner was only the children's stepfather and that he was not legally responsible for the children's care. *See* Dkt. No. 9-9 at 7. As discussed above, the trial court reasonably rejected this argument in light of the applicable state law and the ample evidence that Petitioner exercised care, custody, and control over the kids as their stepfather. The relevant evidence concerned Petitioner's acts, words, and course of conduct. The divorce decree had no bearing on such things. At most, it shows that Petitioner's wife was also responsible for her children. The children lived with Petitioner and his wife in his home. Petitioner has not shown

that his attorney was deficient for failing to obtain and present the divorce decree. Moreover, he has not demonstrated that he was prejudiced by the omission.

The state habeas court reasonably concluded that Petitioner failed to demonstrate that his trial attorney's performance was deficient or that he suffered any harm as a result. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). And he has failed to overcome the difficult, doubly deferential standard required by Section 2254(d). Thus, he is not entitled to federal habeas relief on his IAC claims.

4.  **Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court denies Petitioner's claims and dismisses the petition with prejudice.

Additionally, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a result, the Court denies any request for a certificate of appealability.

So ordered.

The Court will enter judgment accordingly.

Dated March 26, 2025.

_____
JAMES WESLEY HENDRIX
United States District Judge